## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STACY JONES,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **KEMPER DIRECT** *et al.,* | : | **NO. 20-6267** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                          MARCH 1, 2021

Federal courts are not insurance claims adjusters. A claim for coverage that has not first been submitted to an insurer cannot give rise to a viable denial-of-coverage suit because the insurer has yet to consider—much less deny—the claim. At this time, Stacy Jones candidly admits that she does not state a claim for this Court to consider.

For the reasons that follow, the Court grants Defendants' motion to dismiss without prejudice. Ms. Jones may file an amended complaint that states a cause of action.

### BACKGROUND AND PROCEDURAL HISTORY

From what the Court can divine from the sparse pleadings, Stacy Jones sustained injuries from a motor vehicle accident. She alleges that the driver of the other vehicle caused the accident and her resulting injuries. She contends she was covered by an insurance policy issued to a relative that included underinsured motorist coverage.[1] Because she alleges that the other driver's liability

---

[1]    Although Ms. Jones alleges the policy was "issued by a resident relative," the Court understands this to be a typographical error. Doc. No. 1 (Compl.) ¶ 23. The Court does not read Ms. Jones to literally allege her "resident relative" issued the policy to her.

is insufficient to compensate her for her injuries, she now seeks underinsured motorist coverage from Defendants Kemper Direct, Kemper Preferred, and Kemper Specialty.[2]

Ms. Jones does not allege that she has presented a claim for underinsured motorist benefits to Defendants. The Complaint is similarly devoid of any allegations that Defendants have failed to pay the benefits sought, denied the claim, or failed to investigate. Nor does the Complaint articulate a legal theory under which Ms. Jones seeks to proceed, such as breach of contract or statutory bad faith. Rather, the Complaint requests a judgment in her favor for underinsured motorist coverage.

## STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To provide defendants with fair notice, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts in the Third Circuit conduct a two-part analysis. First, any legal conclusions are separated from the well-pleaded factual allegations and are disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court determines whether the facts alleged establish a plausible claim for relief. *Id.* at 211.

At the pleading stage, the court accepts "all factual allegations as true, construe[s] the complaint in the light most favorable to the plaintiff, and determine[s] whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Id.* at 210. If the court can only infer "the mere possibility of misconduct," the complaint has failed to show an entitlement to relief. *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The Court need not ignore or

---

[2]     Defendants also claim that "Unitrin Safeguard Insurance Company," rather than the Kemper entities, is the proper defendant in this action because it was the entity responsible for issuing the policy number that Ms. Jones cites in her complaint. Doc. No. 3 at 3 n.1.

Ms. Jones does not attach a copy of the policy, nor do Defendants in their motion to dismiss.

discount reality.  Nor must the Court "accept as true unsupported conclusions and unwarranted inferences."  *Doug Grant, Inc. v. Greate Bay Casino Corp.*, 232 F.3d 173, 183-84 (3d Cir. 2000).

## DISCUSSION

Rather than make an initial demand of payment from Defendants, Ms. Jones has instead opted to proceed directly to federal court.  But, as Defendants correctly point out, this Court is not an insurance adjuster.  The Court exists to resolve disputes.  As yet, there are none here, and the Court is at a loss to appreciate the basis on which a licensed attorney might understand that there is a basis on which to initiate a suit in the federal district court at this time.

A suit for UIM coverage is, at bottom, a breach of contract.  Breach of contract suits require a contract and a breach (and resultant damages).  *Angino v. Wells Fargo Bank, N.A.*, 666 F. App'x 204, 207 (3d Cir. 2016) (applying Pennsylvania law).  Ms. Jones pleads that she has a policy that purports to offer underinsured motorist coverage.  But she has not yet asked Defendants for coverage.  So, they have not disclaimed coverage—wrongfully or otherwise.  As a result, Ms. Jones fails to plead a claim for breach of contract.  An offer never made cannot be rejected, and there is no reason here to foresee futility.

Ms. Jones admits this central failure.  She expressly concedes that any claim for breach of contract or statutory bad faith is not ripe.  Doc. No. 4 at 8.  Instead, she states that her complaint seeks to "place[] the defendants . . . on notice of her eligibility and claim for UIM benefits."  *Id.*

The proper way to notice a claim for UIM coverage is *not* through the courts.  Notification to the insurer directly of a potential claim allows the insurer to undertake whatever investigation and appraisal is necessary to make a determination as to coverage.  The Court declines Ms. Jones's

invitation to adopt, assume, or supplant the insurer's role here.  The Court remains, however, available to adjudicate a dispute should one arise.[3]

When, as here, a complaint is subject to a Rule 12(b)(6) dismissal, the Court permits a curative amendment unless it would be futile or inequitable.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  Ms. Jones has not requested leave to amend.  Regardless, the opportunity to amend will be offered even if it has not been specifically requested.[4]

## CONCLUSION

For the reasons set out in this Memorandum, the Court grants Defendants' motion to dismiss without prejudice.  Ms. Jones may file an amended complaint.  An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[3]      Rather than address the lack of a cognizable claim, Ms. Jones instead dedicates much of her response to tracing the history of UIM coverage suits in Pennsylvania, including an outdated requirement that parties use private arbitration.  Doc. No. 4 at 5-6.  To be sure, the flaw in the Complaint is not that she must first proceed to private arbitration.  Nor is it the case that she is required to first exhaust her claims against the underinsured tortfeasor.  *Id.* at 6-7.  Ultimately, her response does not address the Court's fundamental concern that there is not yet a live dispute.

[4]      The Court observes that the opportunity to file an amended complaint will not be without limits. The accompanying order will include the obligation of counsel to notify the Court as to any developments, be they the disappearance of any potential claim or the development of an actual, justiciable dispute.